# "EXHIBIT A"

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

___

## I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>JACKSON</u> COUNTY, FLORIDA

<u>MERCEDEZ DANIELS</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>ONEBLOOD INCORPORATED</u>
Defendant

___

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

## III. TYPE OF CASE
(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

UNOFFICIAL DOCUMENT

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox                    Fla. Bar # 739685
            Attorney or party                              (Bar # if attorney)

Marie A Mattox                                   06/16/2022
(type or print name)                             Date

- 3 -

|  | IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR JACKSON COUNTY, FLORIDA |
|---|---|
| **MERCEDEZ DANIELS,** | CASE NO.: 22-CA- |
| Plaintiff, | FLA BAR NO.: 0739685 |
| v. |  |
| **ONEBLOOD, INC.,** |  |
| Defendant. |  |
| _____/ |  |

## COMPLAINT

Plaintiff, MERCEDEZ DANIELS, hereby sues Defendant, ONEBLOOD, INC., and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, MERCEDEZ DANIELS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race, and she was retaliated against after reporting Defendant's unlawful employment practices.

4. At all times pertinent hereto, Defendant, ONEBLOOD, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant

has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, a black female, began her employment with Defendant in or around January 2020 and held the position of phlebotomist at the time of her wrongful termination on September 2, 2020.

7.      Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to a hostile work environment, disparate treatment, different terms and conditions of employment, and was held to a different standard because of her race, and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Team Leader ▬▬▬▬ ("George") a white female.

9.      Plaintiff had an interracial relationship with a white co-worker, ▬▬▬▬ ("Register").

10.     Plaintiff met Register at work in January 2020 and they began a consensual personal relationship in June 2020. Several other co-workers had personal relationships with co-workers which was not a problem or a violation of Defendant's rules.

2

11. George thereafter accused Register of sexually harassing Plaintiff because George did not approve of the interracial relationship. George has a reputation as being racist within the workplace.

12. George tried to make Plaintiff file a complaint against Register, which she refused to do as George was making up accusations against Register.

13. In the Summer 2020, George disclosed to Plaintiff that her boyfriend was a part of a confederate group and that they had "meetings". George told Plaintiff the information about the meetings in an attempt to make Plaintiff uncomfortable. George also tried to give Plaintiff a confederate flag dress.

14. Plaintiff was terminated on September 2, 2020 and accused of lying which Plaintiff vehemently denies and claims she was terminated due to her interracial relationship and in retaliation for her refusing to make a sexual discrimination complaint against Register.

15. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

16. Paragraphs 1 through 15 are realleged and incorporated herein by reference.

17. This is an action against Defendant for discrimination based upon race and because of her interracial relationship.

29. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

3

30. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

33. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

34. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race.

35. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## RETALIATION

36. Paragraphs 1 through 15 are realleged and incorporated herein by reference.

37. Defendant is an employer as that term is used under the applicable statutes referenced above.

38. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under the laws applicable to this action.

39. The foregoing unlawful actions by Defendant were purposeful.

40. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

41. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

42. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 15th day of June 2022.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR JACKSON COUNTY, FLORIDA |
| **MERCEDEZ DANIELS,** | CASE NO.: |
| Plaintiff, | FLA BAR NO.: 0739685 |
| v. |  |
| **ONEBLOOD, INC.,** | **SUMMONS** |
| Defendant. |  |
| _____/ |  |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**ONEBLOOD, INC**
**C/O F & L CORP. – REGISTERED AGENT**
███████████████
**JACKSONVILLE, FL 32202-5017**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is ███████████████ **Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2022.

CLERK OF THE CIRCUIT COURT

*[signature]*
eSigned: 06/16/2022 15:55:50 PM

By:_____

*[Seal of 14th Judicial Circuit, Jackson County, Clayton O. Rooks, III, Clerk of Circuit Court]*
eSigned: 06/16/2022 15:55:50 PM

## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, OF THE STATE OF FLORIDA, IN AND FOR JACKSON COUNTY

MERCEDEZ DANIELS ,
_____
Plaintiff

CASE NUMBER: 22-CA

Vs

ONEBLOOD, INC ,
_____
Defendant

### STANDING CIVIL CASE MANAGEMENT ORDER

**THIS MATTER** is before the court pursuant to Fla. R. Civil Proc. 1.200, Fla. R. Jud. Admin. 2.545, and AOSC20-23, Amendment 12, and the court having determined that it is necessary to establish certain deadlines and timelines to ensure the prompt processing and just resolution of civil cases, issues the following case management order:

**1. Case Differentiation.**

**Complex Cases:** cases designated by court order as complex cases under Florida Rule of Civil Procedure 1.201 shall proceed as provided in the rule.

**Streamlined Civil Cases:** Non-Jury civil cases anticipated to have a trial length of less than two days, and *not likely* to: (a) involve numerous pretrial motions, or (b) pretrial management of a large number of witnesses or a substantial amount documentary evidence may be designated as streamlined.

**General Civil Cases:** include all cases that are not designated by order as complex or streamlined.

Civil cases shall be deemed "general civil cases" unless the presiding judge has entered a separate order designating the civil case as complex or streamlined.

**2. Timelines and deadlines for streamlined and general civil cases.**

*a. service of complaints and service under extensions-*Plaintiff shall serve the initial process and initial pleadings on a defendant within 120 days of filing the initial pleadings directed to that defendant as provided by Fla. R. Civ. Proc 1.070. If service of the initial process and pleadings is not made upon a defendant within 30 days after expiration of the initial 120 days, the action may be dismissed without prejudice or the defendant dropped as a party *unless* a motion and statement of good cause are filed by the plaintiff and the matter is heard by the court

prior to the expiration on the 30 days after the initial 120 days. The court may dismiss the action or grant additional service time.

   ***b. adding new parties-***New parties may be added as provided by Fla. R. Civ. Proc. 1.250(c)and Rule 1.210(a), and on such terms as are just.

   ***c. Mediation-*** Mediation is required in all cases unless waived by the presiding judge and shall be completed no later than the pretrial conference. The presiding judge may issue a separate order of mediation directing completion of mediation by a specified deadline. Plaintiff's counsel shall insure that all fees and costs of mediation have been paid before distribution of any settlement proceeds. If the case is to proceed to trial, these expenses shall be satisfied prior to the trial date. The mediator shall provide the Court with a mediation report at least five (5) days before the pre-trial conference, unless otherwise ordered by the Court. The discovery process is not suspended by the court's order of mediation.

   ***d. Completion of discovery-*** <u>Counsel shall complete all discovery</u>, including independent medical examinations, at least 15 days before the pretrial conference. The conduct of discovery subsequent to the pretrial conference shall be permitted only on Order of the Court for good cause shown.

   ***e. Resolution of motions and objections to pleadings-*** ALL motions and objections to pleadings, including motions-in-limine, shall have been filed, scheduled, and heard prior to the pretrial conference. No motion will be heard at or after the pretrial conference absent compelling circumstances and consent of the Court. All motions not heard by the pretrial conference shall be deemed abandoned.

   **3. Trial Dates:** Trials for streamlined and general civil cases are projected to occur within the timeline established by Rule 2.250. Within sixty days of a notice of trial at issue, a separate order setting trial will be issued by the presiding judge establishing a firm trial and pretrial dates along with pretrial and trial instructions.

   **4. Service on Defendants:** The Plaintiff or Petitioner must serve a copy of this Standing Case Management Order with the Summons and the Complaint/Petition on any defendant not served with process prior to the filing of this Order.

   **5. Cases Previously Scheduled for Trial:** If this action is subject to a previously entered Uniform Order Scheduling Trial (Bench or Jury), all dates and deadlines contained in the Uniform Order Scheduling Trial shall supersede any dates and deadlines contained in this Standing Civil Case Management Order.

   **6. Rule 2.545, Rule 2.250, and Professional Obligation Compliance**

   Lawyers and judges have a professional obligation to conclude litigation as soon as it is reasonably and justly possible to do so. Accordingly, the deadlines and timelines established herein and in any subsequent orders, and Rule 2.545 and Rule 2.250 will be strictly enforced.

**DONE AND ORDERED** in Marianna, Jackson County, Florida, on this 1ST day of January, 2022.

_____
Ana Maria Garcia, Circuit Judge

CC:

CLAYTON O. ROOKS, III Clerk of the Circuit Court JACKSON County

Date: 06/16/2022  Receipt #: MX 2022005892

Clerk: eFiling_Service  Case #: 22000104CAAXMX  Citation #:

Paid By: Marie A Mattox
Remarks: Order # 4076632, Filing # 151594151
*** DUPLICATE ***

Act Group: OTHER CIVIL FILINGS - CIRCUIT CIVIL

| Code | Description | Amount |
|---|---|---|
| 500 | FILING FEE $80 PER SB1512 | $80.00 |
| 501 | OTHER CIVIL FILING FEE - CIRCUIT CIVIL | $115.00 |
| 502 | OTHER CIVIL STATE COURTS REVENUE TRUST FUND | $195.00 |
| 503 | OTHER CIVIL DEPARTMENT OF FINANCIAL SERVICES | $1.00 |
| 504 | OTHER CIVIL CLERK OF COURT T.F./CCOC | $4.00 |
| 506 | OTHER CIVIL COURT EDUCATION TRUST | $3.50 |
| 507 | OTHER CIVIL DOR-CLERK OF COURT TF (CLERK ED) | $0.50 |
| 577 | OTHER CIVIL STATE COURT REVENUE TRUST FUND | $1.00 |
| 578 | SUMMONS CLERK OF COURT T.F./DOR/GEN FUND | $10.00 |

E-Portal:  $ 410.00  Ref#:

AMOUNT TENDERED:  $ 410.00
CASH REFUND:  $ 0.00
SERVICE FEE:  $ 0.00
AMOUNT PAID:  $ 410.00

CASE ASSESMENT TOTAL:  $ 410.00
CURRENT CASE BALANCE:  $ 0.00

22000104CAAXMX                                    MERCEDEZ DANIELS

UNOFFICIAL DOCUMENT

IN THE CIRCUIT COURT
OF THE FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR JACKSON COUNTY, FLORIDA

CASE NUMBER: 32-2022-CA-000104-CAAM
Circuit Civil Division

**MERCEDEZ DANIELS,**
   Plaintiff,

-vs-

**ONEBLOOD INC,**
   Defendant.

___

### ORDER REQUIRING GOOD FAITH CONFERRAL
Non-Dispositive Motions

   **THIS CAUSE** comes before the Court on the Court's own review of the file. As part of measures to maximize the Court's availability to hear matters that are truly in dispute and cannot be resolved without court intervention, it is appropriate to require that every non-dispositive motion filed in this case include in the motion itself a Certificate of Good Faith Conferral demonstrating that the moving party made a good faith effort to resolve the relief requested in the motion prior to seeking the Court's intervention.

   Accordingly, it is now

   **ORDERED and ADJUDGED** that:

1. Every non-dispositive motion filed in this case after the date of this Order must include a Certificate of Good Faith Conferral in the motion itself, using the language provided below;
2. Recognizing that the intent of the requirement of a Certificate of Good Faith Conferral is to increase the availability of hearing time for matters that require judicial intervention and cannot be resolved by agreement, a non-dispositive motion that fails to include the Certificate of Good Faith Conferral may be summarily denied without prejudice on the Court's own motion if the motion contains no other indication that the moving party attempted to confer in good faith. Likewise, if a hearing is scheduled on the motion, the hearing may be canceled by the Court. A motion denied without prejudice on this basis may be immediately re-filed with the required certificate and a hearing canceled may be immediately rescheduled once the motion has been re-filed with the required certificate;
3. Where a non-dispositive motion is filed without a Certificate of Good Faith Conferral, a party

opposing the motion may upload to the e-filing portal a proposed order denying the motion for failure to confer in good faith;

4. Where the Court finds that a Certificate of Good Faith Conferral adequately reflects reasonable, repeated efforts by the moving party to convert in good faith as required but the opposing party unreasonably failed to respond to the efforts to confer, the Court may grant the motion as unopposed without the necessity of a hearing. A party seeking to invoke this paragraph may upload a proposed order granting the motion as unopposed after first sending a copy of the proposed order to the opposing party or counsel. The cover letter must certify that the proposed order was provided to the opposing party or counsel at least five (5) days prior to submission to the Court and the opposing party or counsel has completely failed to respond to efforts to confer or reach an agreement on the form and content of the proposed order;

5. The language of the Certificate of Good Faith Conferral should be as follows:

### Certificate of Good Faith Conferral

"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by [date and method of communication] with the opposing party or counsel and the [opposing party or counsel did not agree that the motion could be resolved without the necessity of  hearing] OR [ the opposing party or counsel did not respond and (describe with particularity the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)}."

**DONE and ORDERED** in Marianna, JACKSON County, Florida, on Tuesday, September 27, 2022.

*[signature]*
Ana Maria Garcia, Judge
32-2022-CA-000104-CAAM 09/27/2022 01:02:08 PM

Copies to:

Marie A Mattox
marie@mattoxlaw.com
michelle@mattoxlaw.com
marlene@mattoxlaw.com

ONEBLOOD, INC
c/o F&L Corp. - Registered Agent
Jacksonville, FL 32202

# VERIFIED RETURN OF SERVICE

Job # J227392

**Client Info:**
MARIE MATTOX, PA
MARIE MATTOX
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** MERCEDEZ DANIELS | CIRCUIT COURT |
| -versus- | County of Jackson, Florida |
| **DEFENDANT:** ONEBLOOD, INC. | Court Case # **22000104CAAXMX** |

**Service Info:**

Received by Michael Hackett: on September, 9th 2022 at **10:49 AM**
Service: I Served **ONEBLOOD, INC. C/O F&L CORP. - REGISTERED AGENT**
With: **SUMMONS; COMPLAINT; STANDING CIVIL CASE MANAGEMENT ORDER**
by leaving with **Chris Radio, EMPLOYEE OF REGISTERED AGENT COMPANY**

At Business ██████████████████████████, JACKSONVILLE, FL 32202
On **9/12/2022** at **11:28 AM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **Michael Hackett** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.



**Michael Hackett**
Lic # **110**

**ACCURATE SERVE TALLAHASSEE**
400 Capital Circle SE, Suite 18291
Tallahassee, FL  32301

Client # T223842
Job # J227392